**25 CV 06428**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

Kejuan of the Family Muchita,

                    Plaintiff,

        -against-

ROSA CABANILLAS-THOMPSON, in her official

capacity as Support Magistrate of Westchester County

Family Court; and DaMia Harris-Madden, in her

official capacity as Commissioner of the New York

Office of Child Support Enforcement,

Defendants.


                    Defendant.

---

Case No.

**VERIFIED COMPLAINT**



RECEIVED AUG 05 2025 PRO SE OFFICE

Plaintiff, KEJUAN MUCHITA, appearing pro se, brings this Verified Complaint for declaratory and injunctive relief against the above-named Defendants, and alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 seeking declaratory and injunctive relief against state officials who knowingly and unlawfully enforced a child support order issued without jurisdiction. The Plaintiff seeks to enjoin the enforcement of said order and obtain a

1

declaration that it is void ab initio due to violations of the Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States.

3. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

4. Plaintiff KEJUAN MUCHITA is a resident of Westchester County, New York.

5. Defendant ROSA CABANILLAS-THOMPSON is a Support Magistrate of the Westchester County Family Court and is sued in her official capacity only.

6. Defendant DaMia Harris-Madden is the Commissioner of the New York Office of Child Support Enforcement and is sued in her official capacity only.

## FACTUAL ALLEGATIONS

7. On April 12, 2019, a child support order was issued against Plaintiff by the Westchester County Family Court.

8. The petitioner in that proceeding was a foreign national residing in Germany who was, upon information and belief, receiving public assistance in her home country.

9. The petitioner did not initiate the proceeding through Germany's Central Authority as required by UIFSA and the Hague Convention on the International Recovery of Child Support.

10. Plaintiff filed multiple motions beginning January 22 2025, raising the jurisdictional defect, but these motions were denied by Magistrate Cabanillas-Thompson.

11. Despite the jurisdictional challenge, enforcement actions continued, including income execution and credit reporting.

12. The enforcement actions carried out by Defendant DaMia Harris-Madden and OCSE have caused ongoing irreparable harm to Plaintiff.

13. The issuance and enforcement of the support order deprived Plaintiff of liberty and property without due process of law.

## CLAIMS FOR RELIEF

14. Defendants acted under color of state law in enforcing a void child support order.

15. Defendants' conduct violated Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

16. Plaintiff is entitled to declaratory relief that the April 12, 2019 order is void.

17. Plaintiff is entitled to injunctive relief prohibiting further enforcement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Declare that the child support order issued on April 12, 2019 is void ab initio;

b) Enjoin Defendants from enforcing the order;

c) Award costs and any other relief the Court deems just and proper.

Dated: August 5, 2025

Respectfully submitted,

Kejuan Muchita

3