UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KEJUAN OF THE FAMILY STACK MUJITA,

Plaintiff,

- against -

ROSA CABANILLAS-THOMPSON, and DAMIA HARRIS-MADDEN

Defendants.

25-CV-6428 (VSB) (SDA)

**OPINION & ORDER**

Appearances:

Kejuan Muchita
745 W Brooklyn Ave
Dallas, TX
*Pro Se Plaintiff*

Meaghan Brennan
NYS Office of the Attorney General
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On August 5 2025, pro se Plaintiff Kejuan Muchita ("Plaintiff" or "Muchita") filed this action under 42 U.S.C. § 1983 against Defendants Rosa Cabanillas-Thompson, the Support Magistrate of Westchester County Family Court, ("Thompson"), and DaMia Harris-Madden, Commissioner of the New York Office of Child Support Enforcement, (("Madden") and together "Defendants"). (Doc. 1 ("Compl.").) On September 19, 2025, I referred this case to Magistrate Judge Stewart D. Aaron for general pretrial management and for all dispositive motions. (Doc. 19.)

On October 8, 2025, Defendants filed a motion to dismiss, (Doc. 21), accompanied by a memorandum of law, (Doc. 22), and a declaration of Meaghan E. Brennan in support, (Doc. 23). On November 5, 2025, Plaintiff filed a notice of opposition, (Doc. 30), along with an accompanying memorandum of law, (Doc 31), and a declaration, (Doc. 32). On November 21, 2025, Defendants filed a reply memorandum of law. (Doc. 33.)

On May 1, 2026, Magistrate Judge Aaron issued a thorough and well-reasoned nineteen-page Report and Recommendation, recommending that Defendants' motion be granted. (Doc. 34 ("Report" or "Rep.") at 1–2.) As Judge Aaron noted, "[p]rior to filing this action, Plaintiff filed a case in this Court against Eileen Stack, the Deputy Commissioner of Child Support Services of the New York State Office of Temporary and Disability Assistance, challenging related child support orders and seeking termination of Plaintiff's involuntary participation in the child support program. The Court accepted this case as related on September 16, 2025. The Court granted Stack's motion to dismiss in the related case on March 31, 2026." (*Id.* at 3 (internal quotation marks omitted and alterations adopted).) Here, "Plaintiff seeks a declaration that the April 12, 2019 Order of Support is void ab initio and to enjoin Defendants from enforcing the Order of Support." (*Id.* at 5.) However, as Magistrate Judge Aaron explains, the relief that Plaintiff seeks is beyond my jurisdiction because Defendant Thompson "is entitled to judicial immunity," and because *Rooker-Feldman* bars review of the final judgment of a state court judgment. (*Id.* at 5–9, 13–14.) Further, *Younger* and the domestic relations abstention doctrine require refraining from ruling on matters related to an ongoing state court proceeding ,and those that are within the purview of the state court's jurisdiction over matters "on the verge of being matrimonial in nature," respectively. (*Id.* at 9–13.) Finally, Plaintiff also fails to state a claim under 42 U.S.C. § 1983. (*Id.* at 14–17.) Therefore, Judge Aaron recommended granting

the motion to dismiss and denying leave to amend, as any amended complaint would be futile. (*Id.* at 17–19.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report explicitly provided that "[t]he parties shall have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure" and "[t]he failure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," (Rep. 18–19 (capitalization altered)), neither party filed an objection or requested additional time to do so. I have reviewed Magistrate Judge Aaron's detailed and well-reasoned Report for clear error and, after careful review, find none. I therefore ADOPT the Report in its entirety.

Therefore, Defendant's motion to dismiss, (Doc. 21), is GRANTED. The Clerk of Court is respectfully directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: September 30, 2026
New York, New York

Vernon Broderick

Vernon S. Broderick
United States District Judge